(No. 34053.—

ULAN D. SCHULTZ, Appellant, *vs.* ILLINOIS COMMERCE COMMISSION, Appellee.

*Opinion filed November 26, 1956—Rehearing denied Jan. 23, 1957.*

RALPH H. HAEN, of Rockford, for appellant.

LATHAM CASTLE, Attorney General, of Springfield, (H. R. BEGLEY, of counsel,) for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This case comes to this court on appeal from the order of the circuit court of Winnebago County confirming an order of the Illinois Commerce Commission and involves the application of section 9 of the Illinois Motor Carrier of Property Act, (Ill. Rev. Stat. 1955, chap. 95½, par. 282.9,) governing what is commonly referred to as "grandfather rights."

The basic facts are undisputed and it appears from the record that on April 2, 1940, one Clarence Stubbe filed with the Department of Public Works and Buildings an application for certificate or permit under the Illinois Truck Act. (Ill. Rev. Stat. 1939, chap. 95½, pars. 240-282.) In the sworn application Stubbe stated that his base point of operation was "R. R., Dakota, Illinois," and his exact

base point outside of a city as "Four miles northeast of Cedarville." In that application the said Stubbe described the type of trucking service he rendered at the time of filing and the kind of property transported at the time of filing as "local hauling of farm products and local livestock hauling."

Pursuant to that application the Department of Public Works and Buildings found that Stubbe was operating as a local carrier on the effective date of the Truck Act and found that the base point of operation of Stubbe was "a point four miles northeast of Cedarville, Illinois," and found further that the class or classes of property transported by Stubbe was "farm products and livestock" and found that the type of service rendered by Stubbe was "Local carrier service."

As a result of the application by Stubbe and of the findings of the Department of Public Works and Buildings, Stubbe was issued a certificate authorizing the transportation of "farm products and livestock within a radius of fifty miles of a base point four miles northeast of Cedarville, Illinois, and to transport such property to or from any point outside of such authorized area of operation for a shipper or shippers within such area."

Thereafter, on October 3, 1946, after compliance with the requirements of the Illinois Truck Act governing transfer of certificates, this certificate was transferred from Stubbe to one Russell Rockey; on August 25, 1947, the certificate was transferred from Rockey to one La Verne Schramm. On August 8, 1951, the certificate was transferred from Schramm to appellant, Schultz. Each successive transfer specifically limited the transportation service to that designated in the original certificate issued to Stubbe and each new certificate authorized the haulage of "farm products and livestock within a radius of fifty miles of a base point," etc.

On February 26, 1954, appellant filed with the Illinois

Commerce Commission a sworn application for certificate of public convenience and necessity as a common carrier pursuant to section 9(a) of the Illinois Motor Carrier of Property Act, therein stating that appellant was then operating under authority of a certificate as a local carrier issued by the Division of Motor Carriers of the Department of Public Works and Buildings of the State of Illinois pursuant to the provisions of the Illinois Truck Act and attached thereto photostatic copies of the certificate issued to Stubbe and photostatic copies of the subsequent proceedings in and by which said certificate was assigned and reassigned, finally lodging in appellant. This application was for a "grandfather certificate" under section 9 of the Motor Carrier of Property Act.

It further appears from the record that at the same time appellant filed with the Illinois Commerce Commission a document designated "Petition for Issuance of a Certificate of Convenience and Necessity," which document, in substance, petitioned the commission to enter an order under the provisions of section 9(b) of the Illinois Motor Carrier of Property Act, modifying the certificate of public convenience and necessity which would issue to applicant by virtue of the provisions of section 9(a) of the act.

Subsequently a hearing was had wherein appellant testified that after he obtained the original certificate which was issued under the Illinois Truck Act he actually engaged in hauling numerous commodities not encompassed in the authorization in that certificate to haul "farm products and livestock."

As a result of the foregoing proceedings the Commerce Commission ordered issued to appellant a certificate of convenience and necessity authorizing the transportation of "farm products and livestock within a radius of fifty miles of a base point four miles northeast of Cedarville, Illinois, and to transport such property to or from any point outside of such authorized area of operation for a

shipper or shippers within such area," this authorization being a duplicate of the authorization contained in the permit issued to appellant and his predecessors by the Department of Public Works and Buildings pursuant to provisions of the Illinois Truck Act.

Appellant now contends that section 9 of the Illinois Motor Carrier of Property Act should be so construed that the grandfather certificate issued to appellant under that section should have authorized the hauling not only of "farm products and livestock" but should also have authorized the hauling of those products and that property which petitioner had actually been hauling prior to the filing of the petition for certificate of convenience and necessity under section 9 of the Illinois Motor Carrier of Property Act.

Appellant suggests that certain sections of the Illinois Truck Act were unconstitutional. However, no authorities are cited in the brief supporting appellant's position and we find nothing in appellant's argument or position that would impel us to declare that the Illinois Truck Act was unconstitutional.

The Illinois Truck Act provided for and presupposed the issuance by the Department of Public Works and Buildings of permits to the operators of trucks, which permits would designate the area within which such operation would take place and the property or products authorized to be hauled. Clarence Stubbe filed with the Department of Public Works and Buildings an application for such certificate or permit in which he requested a permit to engage in "local hauling of farm products and local livestock hauling." Pursuant to such application such permit was issued. That permit was accepted by and used as the authority for operation by Stubbe and the interim owners thereof until it came to be owned by appellant.

Section 9 of the Motor Carrier of Property Act provides for the issuance of "grandfather certificates" to car-

riers operating under permit or authority issued pursuant to the Illinois Truck Act "authorizing such carrier to perform the operation and service authorized pursuant to the provisions of 'The Illinois Truck Act.'"

It seems plain that nothing in this latter act can be construed as an intention to provide for the issuance of a "grandfather certificate" which would enlarge or expand the operation or extent thereof authorized under the Illinois Truck Act. Appellant was entitled to and received a "grandfather certificate" granting to him the same rights of operation authorized by the Illinois Truck Act.

We are of the opinion that the determination of the Illinois Commerce Commission and its confirmation by the circuit court should be sustained.

*Order affirmed.*