**Farm to Market Truckers Association, Inc., et al., Plaintiffs-Appellees, v. George R. Perrine, Chairman, et al., Defendants-Appellants.**

**Gen. No. 10,350.**

Third District.

July 24, 1961.

Rehearing denied September 12, 1961.

William G. Clark, Attorney General, of Chicago, and Harry R. Begley and William J. Sheridan, Jr., Special Assistants Attorney General, of Chicago, for appellants.

Londrigan & Londrigan and Conrad Noll, Jr., of Springfield, for appellees.

CARROLL, JUSTICE.

This is an action for declaratory judgment and an injunction involving the construction of certain provisions of the Illinois Motor Carrier of Property Act, effective January 1, 1954.

The complaint was filed February 5, 1958, alleging that the plaintiffs, except Farm To Market Truckers Association, are carriers of property by truck for compensation for the general public in intrastate commerce without regular routes or fixed termini; that they were issued certificates of public convenience and necessity as "local carriers" under Section 6 ("The Grandfather Clause") of the Illinois Truck Act, which became effective July 25, 1939; that they or their predecessors were so operating prior to July 25, 1939; that said Section 6 provides that every person operating as a carrier on the effective date thereof, shall file an application for a certificate of public convenience and necessity accompanied by proof of financial responsibility and compliance with safety requirements, and shall be granted a certificate without further proceedings; that said Act did not provide that certificates issued under the "Grandfather Clause" thereof limited local carriers to transportation of any class or classes of property; that the Department of Public Works and Buildings in administering said Act issued some certificates in which it was specified that the authority thereby granted was limited to the class or classes of property transported by the carrier on July 25, 1939; that the Department issued other certificates to local carriers which contained no limitation on the classes of property to be transported, but provided that such limitation applied only to those local carriers not qualifying under the "Grandfather Clause"; that because of this attempt to limit some local carriers, entitled to certificates under the grandfather clause, to the transportation of certain designated commodities, the General Assembly amended Section 8 of the Illinois Truck Act, effective July 16, 1941, by adding thereto the following:

"Nothing herein contained shall be deemed to restrict any applicant hereunder, under any certificate issued to him, to the transportation of

388

only such class or classes of property as may have been transported by him prior to the effective date of this Act. (Chap 95½ Sec 247, Ill Rev Stat)"

that subsequent to the effective date of the amendment of July 16, 1941, plaintiffs and other local carriers requested the Department to amend their certificates so that no limitation as to commodities that might be transported would be indicated thereon, but the Department advised them that this was unnecessary since the statute provided that no limitation applied to certificates issued under the "Grandfather Clause."

The complaint further alleges that effective January 1, 1954, the Illinois Truck Act was superseded by the Illinois Motor Carrier of Property Act (Chap 95½, Sec 282, Ill Rev Stat 1957), the administration and enforcement of said act being vested in the Illinois Commerce Commission, which act designated all persons transporting property over the highways of the state for the general public by motor vehicle for hire, whether over regular, or irregular routes, as common carriers; that Section 9 of the Illinois Motor Carrier of Property Act provides that every carrier operating under authority issued pursuant to the Illinois Truck Act as a local carrier shall file with the Illinois Commerce Commission an application for a certificate or permit and shall be granted a new certificate, authorizing such carrier to perform "the operation and service authorized pursuant to the provisions of the Illinois Truck Act"; that although said Act requires the defendants to grant plaintiffs a new certificate authorizing them to perform the same operation and service authorized pursuant to the provisions of the Illinois Truck Act, the defendants have refused to do so and have limited such certificates to authorize the transportation of only such class or classes of property as was specifically designated in the certificates previously issued by the Department of Pub-

lic Works and Buildings; that although defendants have been advised of these facts they have refused to modify said certificates so as to conform to the authority held by plaintiffs pursuant to the Illinois Truck Act.

It is then alleged that the defendants have threatened plaintiffs with, and caused the arrest of some of them for transportation of property not specifically listed in their certificates; that such conduct upon the part of the defendants is resulting in irreparable damage to plaintiffs and in addition thereto prevents them from rendering the service to the public contemplated by the Legislature; that shippers, chiefly farmers and small merchants, in rural communities, where the services of plaintiffs and others similarly situated are indispensable, will be irreparably damaged if they cannot have any class of property they desire transported by motor vehicles for hire, since many of the communities are not on routes served by railroads, or trucking companies operating over fixed routes and with regular schedules; that defendants have refused to continue cases, when arrests have been made, pending the determination of the issue here presented, although plaintiffs have been permitted to haul commodities of every kind and class without arrests being made or threatened for many years.

The defendants filed a motion to dismiss the complaint under Section 48 of the Civil Practice Act, supported by affidavit, asserting in substance that plaintiffs have failed to exhaust their administrative remedies because none of them have made a complaint or filed a request under Section 9(b) of the Motor Carrier of Property Act seeking to have the certificates modified to conform to the authority to which they are entitled.

On March 18, 1958, the court denied this motion and granted plaintiffs application for an injunction as prayed in the complaint and temporarily enjoined de-

fendants from arresting or prosecuting plaintiffs for transporting commodities not enumerated upon the certificates of convenience and necessity issued to them by the Illinois Commerce Commission. Upon the entry of the temporary injunction order, the defendants filed their answer alleging in substance the same matters recited in their motion to dismiss the complaint. Subsequently defendants moved to dissolve the temporary injunction relying principally on the ground that the pleadings show on their face that plaintiffs have not exhausted their administrative remedies. On denial of this motion, defendants appealed to this court where we affirmed the order of the trial court. (Farm to Market Truckers Association vs. Perrine, et al. 21 Ill App2d 118)

In passing upon said appeal, we pointed out that the ultimate issue involved in this case is the interpretation to be placed upon various provisions of the Illinois Motor Carrier of Property Act and of the preceding statute, the Illinois Truck Act, and that an action for a declaratory judgment is an appropriate proceeding in such a case and that the Act so provides. (Ill Rev Stat 1957, Chap 110, Sec 57.1)

As to whether plaintiffs could maintain their action without resorting to an administrative proceeding, we held that determination as to whether plaintiffs had failed in that respect, must await the decision of the trial court construing and interpreting the provisions of the particular statutes involved. We expressed no opinion as to such ultimate issue. A trial on the merits resulted in the entry of a declaratory judgment order finding plaintiffs, as local carriers, to be entitled under the grandfather clause, Section 9(a) of the Illinois Motor Carrier of Property Act to carry all classes of commodities without limitation and making permanent the temporary injunction previously issued. Defendants' appeal from this judgment to the Supreme Court was held to have been wrongfully tak-

391

en and resulted in the case being transferred to this court.

Defendants' contentions are that plaintiffs having failed to exhaust their administrative remedies, are precluded from maintaining an action, whether for declaratory judgment or injunctive relief; and that as a prerequisite to their right to seek redress in this action, plaintiffs were required to file a petition with the Commerce Commission, seeking to have their certificates corrected, modified or amended. Whether there is any merit in such contention depends upon the construction which is properly placed on Section 9 of the Motor Carrier of Property Act.

The material facts are not in dispute. The record shows that plaintiffs were issued certificates as local carriers under Section 6(b) (the Grandfather Clause) of the Illinois Truck Act, effective July 25, 1939, Chap 95½, Sec 245 Ill Rev Stat, 1941, which provides as follows:

"(b) Subject to the limitations hereinafter provided, every person operating as a carrier subject to the provisions of this section, or whose predecessor in interest was so operating on the effective date of this Act, and any such person or predecessor in interest engaged in furnishing seasonal service only, operating on the effective date of this Act during the season ordinarily covered by his or its operations and thereafter as was justified by the business of the applicant until the date of application for a certificate (subject in either case as to interruptions of service over which such carrier or predecessor in interest had no control) who, on or after November 1, 1939, but prior to September 1, 1941, shall file with the Department, in writing an application for a certificate of public convenience and necessity, accompanied by proof of compliance with Sections

392

15, 16 and 17 and Section 18 if said section is applicable and the rules and regulations of the Department, shall be granted a certificate without further proceedings."

"A local carrier" is defined in said act as one undertaking to transport property of any class or classes thereof in intrastate commerce for compensation. Said Act, Section 247 (8-(a)) thereof, also required an applicant for a certificate as a local carrier to designate a base point of operation and provided that a certificate issued to such carrier should specify such base point and the type of services to be rendered. The record further shows that the Department of Public Works and Buildings which was charged with the administration of the Illinois Truck Act in some instances issued certificates bearing the following limitations:

"7. The following provision applies to all applicants who are claiming rights under the Grandfather clause of the Illinois Truck Act:

LIMITATION OF GRANDFATHER RIGHTS: The authority herein granted is expressly limited to the class or classes of property transported, and to the type of service rendered, by the carrier herein above named, or by the predecessor in interest of said carrier of July 25, 1939, the effective date of The Illinois Truck Act.";

and that other certificates issued contained no limitations as to the commodities authorized to be transported. Effective as of July 16, 1941, the Illinois Truck Act was amended by the addition thereto of the following:

"Nothing herein contained shall be deemed to restrict any applicant hereunder, under any certificate issued to him, to the transportation of on-

393

ly such class or classes of property as may have been transported by him prior to the effective date of this Act."

Subsequent to the adoption of said amendment, the Department advised at least one of the plaintiffs to the effect that a certificate issued under the "grandfather clause" of the Illinois Truck Act was not limited as to the commodities that might be transported.

As of January 1, 1954, the Illinois Truck Act was superseded by the Illinois Motor Carrier of Property Act (Chap 95½, Sec 282, et seq., Ill Rev Stat 1953) with administration thereof vested in the Illinois Commerce Commission. Section 9 of said Act, which is the subject of controversy in this case, as amended, provides as follows:

"(a) Except as herein otherwise provided, no motor carrier for-hire shall operate upon the highways of this State after the effective date of this Act unless such carrier has secured from the Commission a certificate, a permit, or a certificate and a permit, as the case may be, or interstate carrier registration number authorizing such operation. Every carrier of property by motor vehicle who was actually operating on December 31, 1953, or who was engaged in furnishing seasonal service only and was actually operating during the season ordinarily covered by such operations during 1953 under one or more of the following authorities issued pursuant to the provisions of 'The Illinois Truck Act', approved July 25, 1939, as amended, namely: a line-haul carrier certificate, a specialized carrier certificate, a local carrier certificate, a contract carrier permit, or an interstate carrier registration number, shall on or before January 1, 1957, file with the Commission in writing an application for a certificate or a permit, or both a certificate and a

permit, or an interstate carrier registration number, as the case may be, and shall be granted a new certificate, or permit, or both a certificate and a permit, or an interstate carrier registration number, authorizing, to the extent authority is required by this Act, such carrier to perform the operation and service authorized and actually performing pursuant to the provisions of 'The Illinois Truck Act', on December 31, 1953, or if a seasonal operation such as was actually being performed during the season ordinarily covered by such operations during 1953. Pending the determination of any such application, the continuance of such operation or operations shall be lawful, provided, however, that subject to paragraph (b) nothing herein contained shall be construed to permit the Commission to change the terms and conditions of any certificate or permit heretofore issued.

"(b) If after hearing on complaint of any interested party, or on its own motion, it is shown that the certificate or permit issued by the Commission pursuant to the provisions of paragraph (a) of this Section does not conform to the operating rights actually exercised by the holder of such certificate or permit issued pursuant to the provisions of 'The Illinois Truck Act', approved July 25, 1939, as amended, then, the Commission shall promptly modify such certificate or permit so that it shall conform to the authority and actual use under such Act."

Pursuant to the provisions of the above section, plaintiffs applied to the Commerce Commission for new certificates and attached to their applications either the original or a copy of the certificate issued to them under the Illinois Truck Act. All of plaintiffs' applications for new certificates were granted, but the same

were limited to the transportation of certain specified commodities. On December 9, 1957, a driver for Rea Castle, one of the plaintiffs, was arrested for hauling commodities not authorized by his employer's certificate as a motor carrier. At that time the defendants also indicated their intention to arrest other plaintiffs if they transported commodities not specified in their certificates. Such action on defendants' part led to the filing of the instant proceeding.

It is defendants' position that under Section 9 of the Motor Carrier of Property Act the plaintiffs' grandfather rights were limited to the commodities which they were actually transporting on December 31, 1953. Plaintiffs' counter-theory is that the certificates issued to them under the Illinois Truck Act authorized the transportation of property without restriction as to the commodities transported and that regardless of the particular class of commodities which were actually being transported by them on December 31, 1953, they are entitled under Section 9 of the Motor Carrier of Property Act to new certificates granting authority without limitations as to the commodities which they may transport. In other words, they maintain that upon application for new certificates under the Motor Carrier of Property Act without any showing of public convenience and necessity they were automatically entitled to be authorized to transport any and all classes of property.

Section 9(a) of the Motor Carrier of Property Act as originally enacted provided that an applicant holding a certificate under the Truck Act shall be granted a new certificate authorizing such applicant "to perform the operation and service authorized pursuant to the provisions of the 'Illinois Truck Act' as of the effective date of this Act." In 1955 the above provision was amended to read: "to perform the operation and service authorized *and actually performing* pursuant to the provisions of 'The Illinois Truck Act' on

December 31, 1953." This amendment is clear and without ambiguity. It states that the operation and service authorized by a new certificate shall be not only that which the applicant was authorized to perform, but that which he was actually performing on December 31, 1953.

The controversy in this case arose over the grandfather rights created by the Motor Carrier of Property Act. An applicant for a grandfather certificate under Section 9 of said Act was required to show that he was actually operating on December 31, 1953, under a certificate issued pursuant to the Truck Act. Upon such application, without a hearing, he was entitled to be granted a new certificate authorizing him to continue whatever authorized operation or service he was actually performing when the Motor Carrier of Property Act went into effect. Obviously his application would contain a description of such operation and service. Such description necessarily would include the class or classes of property which he was transporting when the Carrier Act took effect. The record in this case shows that plaintiffs furnished this required information to the Commerce Commission by attaching to their applications the original or a copy of their Truck Act certificates. These old certificates listed certain specific commodities. So far as the record shows, no other information as to the service which plaintiffs were actually performing was furnished to the Commission. Accordingly, the Commission ordered the issuance of certificates covering the transportation of the classes of commodities designated in the applications. The record further shows that plaintiffs accepted these new certificates authorizing them to transport only the commodities listed on their old certificates and that they operated thereunder until December of 1957.

The issue in this case is not whether plaintiffs under their Truck Act certificates were authorized to

397

transport any and all classes of property without restriction. Plaintiffs are claiming rights under the grandfather clause of the Motor Carrier of Property Act. The extent of such rights is defined by the provisions of the clause under which they were created. Such clause is Section 9(a) of the Motor Carrier of Property Act, and it provides for the issuance of grandfather certificates to carriers operating under the Illinois Truck Act, authorizing such carriers to perform the operation and service "authorized and actually performing on December 31, 1953." Thus the legislature, by the 1955 amendment, has made it plain that regardless of how broad the authority granted under the Truck Act certificates might be, the Commission may under Section 9(a) of the Motor Carrier of Property Act, authorize only the continuance of the service actually being rendered by a trucker on December 31, 1953. That such construction is properly placed on Section 9(a) is emphasized in Schultz v. Illinois Commerce Commission, 10 Ill2d 112, 139 NE2d 202. In that case the plaintiff was a "local carrier" who had been issued a grandfather certificate under the Truck Act authorizing the transportation of farm products and livestock within a certain area. In February 1954, he applied to the Illinois Commerce Commission for a grandfather certificate under Section 9(a) of the Motor Carrier of Property Act and attached to his application a copy of the certificate issued to him under the Truck Act. At the same time he petitioned the Commission under Section 9(b) of the Motor Carrier of Property Act to modify the certificate which it issued under Section 9(a) so it would authorize transportation of commodities not included in the authorization to haul "farm products and livestock". Upon hearing, the Commerce Commission issued a certificate authorizing the transportation of the property listed in his Truck Act certificate but refused to au-

398

thorize the hauling of other commodities which he had been actually hauling but which did not fall within the classification of "farm products and livestock". Plaintiffs appealed from an order of the Circuit Court confirming the decision of the Commission. In affirming the trial court's order, the Supreme Court said:

"The Illinois Truck Act provided for and presupposed the issuance by the Department of Public Works and Buildings of permits to the operators of trucks, which permits would designate the area within which such operation would take place and the property or products authorized to be hauled. Clarence Stubbe filed with the Department of Public Works and Buildings an application for such certificate or permit in which he requested a permit to engage in 'local hauling of farm products and local livestock hauling.' Pursuant to such application such permit was issued. That permit was accepted by and used as the authority for operation by Stubbe and the interim owners thereof until it came to be owned by appellant.

"Section 9 of the Motor Carrier of Property Act provides for the issuance of 'grandfather certificates' to carriers operating under permit or authority issued pursuant to the Illinois Truck Act 'authorizing such carrier to perform the operation and service authorized pursuant to the provisions of "The Illinois Truck Act." '

"It seems plain that nothing in this latter act can be construed as an intention to provide for the issuance of a 'grandfather certificate' which would enlarge or expand the operation or extent thereof authorized under the Illinois Truck Act. Appellant was entitled to and received a 'grandfather certificate' granting to him the same

**399**

rights of operation authorized by the Illinois Truck Act."

If, as the Supreme Court held in the Schultz case, Section 9(a) prior to the 1955 amendment did not provide for the issuance of a grandfather certificate expanding the extent of the operation licensed under the Truck Act, then it would seem to be obvious that said Section 9(a) subsequent to the 1955 amendment did not authorize the Commission to issue certificates to plaintiffs authorizing transportation of any and all kinds of property regardless of whether or not they had been transporting the same on December 31, 1953.

We are of the opinion that even though plaintiffs were entitled to certificates under the Illinois Truck Act authorizing the hauling of commodities without restriction, a proper construction of the provisions of the Illinois Motor Carrier of Property Act as amended in 1955 restricts plaintiffs not only to (1) the commodities authorized to be transported under the Illinois Truck Act but also to (2) those commodities *actually being transported* on December 31, 1953.

Although the Attorney General initially contended that Plaintiffs, having failed to file a complaint under Section 9(b) of the Illinois Motor Carrier of Property Act, and in event of an adverse determination by the Commission failing to pursue the remedy by way of administrative review, they have failed to exhaust their administrative remedies and are precluded from maintaining this action, he now concedes that the construction of the statute is the basic issue. It should be kept in mind that plaintiffs are not contending that the certificates issued to them under the Grandfather clause of the Illinois Motor Carrier of Property Act do not authorize them to transport the classes of property which they were authorized to transport under the Illinois Truck Act *and* which they were actually transporting on December 31, 1953. If the contrary

were true, there would be merit in the initial contention of the Attorney General and the remedy to make the certificates conform would be by complaint under Section 9(b). In our opinion therefore the application of Section 9(b) has no bearing upon the basic issue involved in this case.

In accordance with our former opinion (21 Ill App 2d 118), the Circuit Court was authorized to construe the statute involved, in a declaratory judgment action, so as to settle the rights, status or other legal relations of the parties under the statute. The construction placed upon the statute by this Court is contrary to that contended for by plaintiffs and adopted by the Circuit Court. It therefore follows that plaintiffs are not entitled to any further relief beyond the determination of the proper construction of the statute. Accordingly there is no need for a remanding of this case to the Circuit Court for further proceedings. The order of the Circuit Court will therefore be reversed, with the views herein expressed to stand as the construction to be placed upon the statute and particularly the rights accorded plaintiffs under the grandfather clause of the Illinois Motor Carrier of Property Act as amended in 1955.

Reversed.

ROETH, P. J. and REYNOLDS, J., concur.